IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DAVID BURGER, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 06-5098 (JBS/KMW) |
| v. |  |
| SUNOCO, INC. (R&M), ET AL., | **OPINION** |
| Defendants. |  |

APPEARANCES:

Joseph John Urban, Esq.
Thomas F. Flynn, III, Esq.
FLYNN & ASSOCIATES
2091 Springdale Road
Suite 2
Cherry Hill, NJ 08003
    Counsel for Plaintiff

Karen A. Mascioli, Esq.
Michael J. O'Mara, Esq.
CRAWSHAW, MAYFIELD, TURNER, O'MARA, DONNELLY & MCBRIDE
2201 Route 38
Suite 300
Cherry Hill, NJ 08002
    Counsel for Defendants

Glenn Stewart Phelps, Esq.
GAUL, BARATTA & ROSELLO, LLC
100 Hanover Avenue
Cedar Knolls, NJ 07927
    Counsel for Intervenor-Plaintiff

**SIMANDLE**, District Judge:

## I. INTRODUCTION

This matter is before the Court upon Defendants' motion for summary judgment [Docket Item 29]. For the reasons given below, the motion will be denied.

## II. BACKGROUND

This is a negligence suit arising out of an accident that occurred on September 10, 2004, at the Eagle Point Refinery in Westville, New Jersey. (Compl. ¶¶ 1-4.) Plaintiff's employer, Bozarth Maintenance, was contracted to perform general repair and maintenance of the facility, which had recently been acquired by Defendants. Among other tasks, Bozarth was asked to price the replacement of leaky skylights in the garage maintenance building roof at the Refinery.[1] (Pl.'s Dep. 122:3-122:10.) For at least two weeks before the accident, the Bozarth crew performed measuring work atop of the maintenance garage building, accessing it by a permanent access ladder affixed to the side of the building. (Id. at 125:21-126:10.) On September 10, the

---

[1] The parties dispute whether the order was just to perform a cost estimate, or if it also included the actual replacement after the estimate has been performed.

2

Plaintiff fell through the roof some 20 feet to the floor while traversing the roof.  (Id. at 135:3-136:6.)  The after-accident engineering reports concluded that a defect in the roof caused by an improper repair performed by the previous owners of the facility resulted in the partial roof collapse.  (McFadden Dep. 59:10-24.)  Plaintiff sustained severe injuries.

The question on this summary judgment motion is narrow.  Defendants claim that no duty is owed to an independent contractor under these circumstances.  Plaintiff maintains that the claimed exception does not apply here, and that the more general duty of a landowner to a business invitee is applicable.[2]

### III.  DISCUSSION

#### A.  Summary Judgment Standard

Summary judgment is appropriate when the materials of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party."  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law.

---

[2]  Defendants have not argued that if the claimed exception does not apply, no duty is owed.  Thus, the question of whether the general duty is applicable is not at issue here.

Id. Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. Id.

### B. Contractor's Hazard Exception

Notwithstanding a landowner's general duty to protect his invitees, a "landowner is under no duty to protect an employee of an independent contractor from the very hazard created by doing the contract work." Accardi v. Enviro-Pak Systems Co., Inc., 722 A.2d 578, 580 (N.J. Super. Ct. App. Div. 1999) (quoting Dawson v. Bunker Hill Plaza Assoc., 673 A.2d 847 (N.J. Super. Ct. App. Div. 1996)).

This exception originated in Broecker v. Armstrong Cork Co., 24 A.2d 194 (N.J. 1942). In that case, an independent contractor fell through a rotted portion of the roof that he was repairing and replacing. The court reasoned that there should be an exception to the general duty owed by a landowner when "an independent contractor, comes upon lands, at the instance of the owner or occupier, to correct the precise condition which causes the injury." Id. at 196. The court reasoned:

> As well might it be said that a contractor, employed to level the uneven condition of a sidewalk, may recover, from his contractee for injuries which he receives in the course of his work by stumbling over the very obstacle that he is engaged to remove. It is said by the appellant that the deceased workman should have been provided with a scaffolding built under the roof so that he need not have walked upon the weakened boards; but that was a problem for the contractor who undertook to do the work.

4

Id. The exception as stated in Broecker is well-justified and simple to understand and apply.  A landowner is not required to correct or make safe the very condition he is hiring the contractor to repair.  Were it otherwise, he could never safely hire a contractor to repair any dangerous condition.  If a contractor is brought in to repair something, and the contractor is injured because of the disrepair of that thing, the landowner is not liable.

Since 1942, the exception has been expanded beyond the limited circumstances set out in Broecker.  In Wolczak v. Nat'l Elec. Prods. Corp., 168 A.2d 412 (N.J. Super. Ct. App. Div. 1961), a contractor's employee was injured when his drill kicked and he was thrown from a platform the contractor had built.  Id. at 413.  The court held that the employee could not sue the building owner merely because insufficient safety precautions had been taken by the contractor.  Id.  Because the defendant "neither undertook to coordinate the erection of the system nor furnished plaintiff's employer with equipment for the operation," he was held not liable.  Id. at 415.  While the plaintiff was not injured by the condition he was asked to repair, the contractor's decision about how to perform the task — the erection of the platform and lack of safety precautions — did create the dangerous condition that led to the harm.

In Dawson, the plaintiffs were hired to install roof trusses, which eventually collapsed due to inadequate bracing. Dawson, 673 A.2d at 852. The expert hired by plaintiffs conceded that the danger of trusses collapsing was a recognized risk incident to the erection of such roof trusses. Id. The court concluded that since the plaintiffs were experienced carpenters hired to perform the very work that gave rise to their injuries, they knew or should have known that the risk of collapse necessitated temporary bracing for the trusses. Id. Like Wolczak, the hazardous condition that resulted in the injury, unstable trusses, was created as a result of the contractor's own efforts.

Dawson and Wolczak extended Broecker to cover not only those injuries caused by discoverable dangers the contractor is hired to repair, but also those injuries caused by dangers created by the contractors. This extension follows the same general rationale as Broecker: A landowner ought not be obligated to protect contractors from conditions created by and within the control of the contractors themselves.

Even though every injury that occurs on a contractor's job site can ultimately be reduced to some decision made by the contractor about how to perform the job, the scope of the exception does not extend to every possible injury that occurs in the course of the contractor's work. See Reiter v. Max Marx

6

Color & Chem. Co., 170 A.2d 828, 829-30 (N.J. Super. Ct. App. Div. 1960), aff'd, 35 N.J. 37 (1961) (declining to apply the exception when a contractor was injured by a defective ladder). Instead, the exception applies when the contractor is called "to correct the precise condition which causes the injury," Broecker, 24 A.2d at 196 (fix collapsing roof), or the injury results from a hazardous condition created by the contractor. E.g., Wolczak, 168 A.2d at 415 (constructing a structure on which employees would work without scaffolding); Dawson, 673 A.2d at 852 (choosing not to brace the trusses). Thus, if a contracted worker is injured while ascending a ladder with an unknown defect belonging to the landowner, the exception would not apply. Reiter, 170 A.2d at 829-30. While a contractor could be said to have created the hazardous condition in that case by choosing to ascend the faulty ladder without inspecting it or without a separate safety harness, that is not the kind of creation of the hazard falling under this exception.[3]

It is clear that the core of the exception as explicated in Broecker is inapposite in this case. The injury in this case was

---

[3] The definitive, oft-cited statement of the exception appearing in Wolczak refers to the relevant hazards as those "obvious and visible," and "known hazards which are part of or incidental to the very work." Wolczak, 168 A.2d at 417; Muhammad v. New Jersey Transit, 821 A.2d 1148, 1156 (N.J. 2003). The cases do not include instances in which a contractor is expected to perform the normal inspections a landowner might perform in order to avoid latent dangers.

not caused by the condition of the skylight.  Defendant does not argue that the Plaintiff was called to correct the condition which caused his injury.  For the exception to apply, it must be under the part of the doctrine that applies to contractor-created hazards.

The alleged defect in this case, an improperly installed roof, was not created by Plaintiff.  Unlike cases in which the contractor builds his own scaffolding or lays down his own planks on a roof, this case involves the allegation of a latent danger that preceeded the project in question.

Defendant attempts to frame the nature of the hazard differently, arguing in effect that the decision not to take special safety precautions on the roof created the hazard of falling through it.  But, as discussed above, more than a showing that some additional safety precaution that could be taken by a contractor is required in order to invoke the exception.  The exception applies when a the hazard is created by contractor as in Wolczak, 168 A.2d at 415, and Dawson, 673 A.2d at 852.  To apply the doctrine to circumstances in which the injury results from a pre-existing defect in the building that is distinct from (and not revealed by the existence of) the defect being repaired is to expand it beyond the purposes called for in the doctrine.[4]

---

[4] This case can be distinguished from one in which a contractor falls off the side of a roof.  The danger of falling off the side of a roof is a danger that is, in the words of

If Plaintiff fell through the roof as the result of a latent defect in the roof as Plaintiff alleges, then there is no rationale for application of the contractor's hazard exception because the contractor has no knowledge of the risk, had not created it, and was not hired to repair it, and therefore cannot be assumed to adjust his practices to account for it.[5]  The post hoc identification of potential safety precautions is not sufficient to invoke the contractor's hazard exception.

### IV.  CONCLUSION

If the general duty owed by landowners to contractors as invitees is ever to apply, the exception to that duty must be limited to injuries caused by the condition to be repaired itself, obvious hazards resulting from that condition, or by the techniques employed by the contractor to perform the job.  Where

---

Wolczak, "obvious and visible," and a "known hazard[] which [is] part of or incidental to the very work."  Wolczak, 168 A.2d at 417.  A contractor can be expected to adjust his methods to account for the obvious danger of falling off the side of a roof associated with any job that involves going onto a roof.  But this case involves the collapse of a portion of the roof, a danger which does not meet Wolczak's description of the type of hazards contemplated by the exception.

[5]  This reasoning presumes without finding that the collapse of the roof was the result of some defect in the roof as the engineering report found.  But the result is the same even if the roof is presumed to be free of latent defects.  If the roof did not have a discoverable danger, then there is no basis for landowner liability, and thus the question of whether to apply the exception is moot.  Whether moot or inapposite, the contractor's hazard exception is not an issue in this case.

a contractor's employee is injured by a latent defect in the facility which the contractor did not create while attempting to access the area where the job is to be performed, the general duty of the landowner applies.  It is left to be determined, among other things, whether the defect in this case was reasonably discoverable.

    Defendant's motion for summary judgment will be denied and the accompanying Order will be entered.


**December 10, 2009**                       **s/ Jerome B. Simandle**
Date                                    JEROME B. SIMANDLE
                                            United States District Judge